IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| JEFFERY WILLIAMS, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0433-KD-C |
| MONROE COUNTY BOARD OF EDUCATION, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is before the undersigned on the Motion for Summary Judgment of Defendant, Monroe County Board of Education (Docs. 6, 7, 17, 18, 23, 24), and Plaintiff's opposition thereto. (Docs. 11, 12, 13, 16, 20, 22). For the reasons stated below, it is recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's action against Defendant be dismissed with prejudice.

## I. FACTS AND PROCEEDINGS

From its review of the record, the Court summarizes the parties' allegations material to the issues addressed in this Report and Recommendation as follows.

1. According to Plaintiff, on or before October 11, 2006, Lana Wilson, the former principal at Monroeville Junior High School, subjected him to "racial slurs," using the word "nigger" twice during a meeting with Plaintiff in Wilson's office at the school. (Doc. 1 at 2, Complaint; Doc. 11 at 1, Plaintiff's Response to Motion to Dismiss; Doc. 11

at 4, Plaintiff's letter to Dennis Mixon, Superintendent of the Monroe County Board of Education).

2. On October 11, 2006, Plaintiff wrote a letter to Dennis Mixon, Superintendent of the Monroe County Board of Education ("the Board"), requesting the opportunity to speak about this incident at a school board meeting scheduled for November 9, 2006; however, the Board denied him the opportunity to do so. (Doc. 11 at 4; Doc. 13 at 2, Letter to Plaintiff from Dennis Mixon; Doc. 16 at 1, Plaintiff's Response to Motion for Summary Judgment).

3. Defendant responds that, on or before October 11, 2006, Lana Wilson met with Plaintiff, as well as with parents of other children at the school, to discuss her concerns about possible gang activity at the school. (Doc. 23 at 2, Affidavit of Lana Wilson).

4. According to Wilson, she discovered a note that had been exchanged by Plaintiff's grandson and other students at the school discussing possible gang activity, and the note referred to a group called "TYN." (Id. at 2; id. at 5, student note).

5. Wilson asked the students what "TYN" stood for, and they told her "The Young [N-word]s." (Id. at 2) (brackets in original).

6. After speaking with the students, Wilson called a meeting with the students' parents and other family members in an effort to work with them to try to combat what she suspected was gang activity. (Id.).

7. When Wilson met with the parents and Plaintiff, Wilson was asked what "TYN"

2

stood for, and, in responding to the question, Wilson "used the N-word, just as the students had used it when telling [her] what 'TYN' stood for." (Id. at 2-3).

8. According to Wilson, Plaintiff became very upset and accused her of using a racial slur toward him. (Id.).

9. Defendant further maintains that Plaintiff was allowed to address the Board at the November 9, 2006, meeting; however, when Plaintiff began talking about his grandson, he was told that, because of privacy concerns, he would have to wait and discuss the issue in executive session because his comments concerned a particular student. (Id. at 3; Doc. 18, att. 1 at 3, Minutes of November 9, 2006, school board meeting). Plaintiff refused to wait and left the meeting. (Doc. 23 at 3).

10. On July 16, 2009, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983 against the Monroe County Board of Education, alleging violations of his rights under the First Amendment, Fourteenth Amendment Equal Protection Clause, and Title VI of the Civil Rights Act of 1964, arising out of Lana Wilson's use of racial slurs against him and Defendant's refusal to allow him to speak at the November 9, 2006, school board meeting.[1] (Docs. 1, 11, 16, 20).

11. On August 24, 2009, Defendant filed a Motion to Dismiss, which the Court

---

[1] Plaintiff's Complaint is extremely brief, consisting of only four sentences. (Doc. 1). For purposes of determining the timeliness of this action, the Court has considered the allegations contained in all of Plaintiff's filings and has liberally construed those allegations to ascertain Plaintiff's claims against this Defendant.

converted to a Motion for Summary Judgment on October 5, 2009.  (Docs. 6, 7, 15, 17, 18).

12. Plaintiff filed multiple responses in opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment.  (Docs. 11, 12, 13, 16, 20).

13. On March 29, 2010, the Court raised the issue of the timeliness of Plaintiff's Complaint, *sua sponte,* and ordered Plaintiff to file a response addressing that issue (Doc. 21), which Plaintiff filed on April 14, 2010.  (Doc. 22).

14. Defendant filed a reply to Plaintiff's response on April 30, 2010.  (Doc. 24).

15. For the reasons set forth below, the Court finds that Plaintiff's Complaint is untimely, and Defendant's Motion for Summary Judgment is due to be granted on that basis.

## II. SUMMARY JUDGMENT STANDARD

1. In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles.  The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment.

2. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

3. All of the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1280 (11th Cir. 2004).

4. However, Rule 56(e) states that:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

5. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted).   6. "Summary judgment is mandated where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

### III. DISCUSSION

1. As discussed above, Plaintiff seeks redress against Defendant, Monroe County

Board of Education, pursuant to 42 U.S.C. § 1983[2] for alleged violations of his rights under the First Amendment, Fourteenth Amendment, and Title VI of the Civil Rights Act of 1964, arising out of racial slurs made by Lana Wilson, the former principal of Monroeville Junior High School, on or about October 11, 2006, and arising out of Defendant's refusal to allow Plaintiff to speak at a school board meeting held on November 9, 2006.  (Docs. 1, 11, 12, 13, 16, 20).

2. It is well settled that the statute of limitations for a § 1983 action brought in Alabama is two years.  Lufkin v. McCallum, 956 F.2d 1104, 1106 (11th Cir. 1992) (citing Ala. Code § 6-2-38(l)).

3. In a § 1983 action,[3] "the federal courts are to borrow the 'general' or 'residual' statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits." Lufkin, 956 F.2d at 1106 (quoting Owens v. Okure, 488 U.S. 235, 236 (1989)).

---

[2] Section 1983 provides in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[3] The Eleventh Circuit has determined that claims brought under 42 U.S.C. § 2000d, or Title VI of the Civil Rights Act of 1964, are likewise measured by the personal injury limitations period of the forum state.  Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).

4. While the length of the statute of limitations in a § 1983 action is borrowed from state law, the accrual date of a § 1983 cause of action is a question of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007).

5. Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." Id. (citations and internal quotation marks omitted).

6. The Eleventh Circuit has further described the accrual rule as follows:

> It has long been the law of this Circuit that in § 1983 actions "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted).

McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008).[4]

7. In the instant action, it is undisputed that Plaintiff's altercation with Lana Wilson, in which Wilson allegedly used racial slurs against Plaintiff, occurred on or before October 11, 2006. (Doc. 1 at 2; Doc. 11 at 1, 4).

8. It is also undisputed that Defendant's alleged refusal to allow Plaintiff to speak at the school board meeting occurred on November 9, 2006. (Doc. 13 at 2; Doc. 16 at 1).

9. Since the facts which would support a cause of action against Defendant were,

---

[4] The same accrual rule applies to Plaintiff's Title VI claim. See Rozar, 85 F.3d at 561-62, 563 n.9; Godby v. Montgomery County Bd. of Educ., 996 F. Supp. 1390, 1413 (M.D. Ala. 1998).

or should have been, apparent to Plaintiff on the dates that the allegedly injurious acts occurred – October 11, 2006 (the date of Lana Wilson's racial remarks), and November 9, 2006 (the date of Defendant's refusal to allow Plaintiff to speak at the board meeting), the statute of limitations commenced to run on Plaintiff's action at that time.

10. The record shows that Plaintiff filed the instant action on July 16, 2009, more than two years after the incidents forming the basis of his Complaint. (Doc. 1).

11. In his response to the Court's Order of March 29, 2010, requiring Plaintiff to address the issue of the timeliness of his Complaint, Plaintiff states that he filed a previous lawsuit in 2006 against Lana Wilson; Dennis Mixon, the Superintendent of the Monroe County Board of Education; and the Monroe County Board of Education; that the previous action was filed on behalf of himself and his grandson, but he "could not add [his grandson] in the lawsuit;" that his daughter joined the lawsuit on behalf of her son; that the action was dismissed without prejudice; "so [he] filed again in 2009 on behalf of [him]self."[5] (Doc. 22).

12. Plaintiff's response misses the point. The fact that Plaintiff may have been a

---

[5] Court records show that Plaintiff was, at one time, a party to an action filed on August 8, 2007, styled Nicky Williams, et al. v. Monroe County Board of Education, et al., 07-0561-CG-B (S.D. Ala.), in which the plaintiffs alleged discriminatory conduct by various defendants associated with Monroeville Junior High School against black students at the school. (See 07-0561-CG-B, Doc. 1). After the defendants moved to dismiss Plaintiff's claims on the ground that he was not the legal guardian of his grandson, Plaintiff's daughter, Nicky Williams, was substituted for her father as plaintiff individually and on behalf of her son. (07-0561-CG-B, Docs. 10, 44). The Court dismissed the action with prejudice on July 27, 2009. (07-0561-CG-B, Docs. 121, 126).

party to the previous action, 07-0561-CG-B (S.D. Ala.), has no bearing on this case.[6]

13. Because the two-year statutory period had expired at the time Plaintiff filed the instant Complaint on July 16, 2009, this action is time-barred.

CONCLUSION

14. Based on the foregoing, the Court concludes that Plaintiff's Complaint is untimely, and, thus, Defendant, Monroe County Board of Education, is entitled to summary judgment in its favor on all claims asserted against it by Plaintiff.

15. Accordingly, it is recommended that Defendant's Motion for Summary Judgment be granted, that this action be dismissed with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff on all claims.

16. In addition, Plaintiff's pending motion (Doc. 20), which seeks to have the Court unseal document number 17 containing the names of minor students at Monroeville

---

[6] While a federal limitations period may be equitably tolled when a plaintiff untimely files because of "extraordinary circumstances that are both beyond his control and unavoidable with diligence," Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), Plaintiff in this action has not alleged any circumstances that might warrant equitable tolling of the limitations period. See also Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (Plaintiff bears the burden of showing extraordinary circumstances); Talley v. Housing Auth. of Columbus, Ga., 2009 WL 4755379, *5 (M.D. Ga. 2009) (Plaintiff's claims should have been apparent to him on the dates the acts giving rise to the cause of action occurred. "Pro se status [and] ignorance of the law . . . do not warrant equitable tolling. . . . [L]iberal construction given to pro se pleadings does not mean liberal deadlines.") (citations and internal quotation marks omitted).

Junior High School, is DENIED.

17. The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the 3rd day of May, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).